UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**KEVIN T. KAVANAUGH,**

                           **Plaintiff,**

v.                                                     8:14-CV-01244 (BKS/DJS)

**VILLAGE OF GREEN ISLAND; Village of Green Island Police Officers PAUL JOHNSON and WILLIAM RICE,** individually and/or as agents, servants, and/or employees of the Village of Green Island; **CITY OF WATERVLIET;** City of Watervliet Police Officer **ANTHONY HARBOUR,** individually and/or as agent, servant, and/or employee of the City of Watervliet; **CITY OF ALBANY;** City of Albany Police Officer **ANTHONY SCALISE,** individually and/or as agent, servant, and/or employee of the City of Albany; New York State Trooper **ERIC JOHNSON,** individually and/or as an agent, servant, and/or employee of the State of New York; **COUNTY OF ALBANY;** Hon. **CRAIG D. APPLE,** Albany County Sheriff; **JOHN/JANE DOE 5 and 6,** whose names are presently unknown, individually and/or as agents, servants, and/or employees of the County of Albany; **CORRECTIONAL MEDICAL CARE, INC.; AZAZ HAIDER-SHAH, JACKLYN CLARK,** and **JESSICA ROSS,** individually and/or as agents, servants, and/or employees of Correctional Medical Care, Inc.,

                           **Defendants.**
_____

**APPEARANCES:**

For Plaintiff:
Lee C. Kindlon
Gennaro D. Calabrese
The Kindlon Law Firm, PLLC
74 Chapel Street
Albany, NY 12207

For Defendants City of Albany and City of Albany Police Officer Anthony Scalise:
Stephen J. Rehfuss
The Rehfuss Law Firm, P.C.
40 British American Boulevard

Latham, NY 12110

For Defendants City of Watervliet and City of Watervliet Police Officer Anthony Harbour:
Jonathan M. Bernstein
Goldberg Segalla LLP
8 Southwoods Boulevard, Suite 300
Albany, NY 12211

For Defendant New York State Trooper Eric Johnson:
Eric T. Schneiderman
Attorney General of the State of New York
Maria Lisi-Murray
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

For Defendants Correctional Medical Care, Inc., Azaz Haider-Shah, Jacklyn Clark, and Jessica Ross:
Christopher F. DeFrancesco
Smith, Sovik, Kendrick & Sugnet, P.C.
250 South Clinton Street, Suite 600
Syracuse, NY 13202

For Defendants Village of Green Island, Village of Green Island Police Officer Paul Johnson, and Village of Green Island Police Officer William Rice:
Robert D. Cook
Cook, Netter, Cloonan, Kurtz & Murphy, P.C.
85 Main Street, P.O. Box 3939
Kingston, NY 12402

For Defendants County of Albany and Hon. Craig D. Apple, Albany County Sheriff:
Tracy Murphy
Albany County Attorney's Office
112 State Street, Room 600
Albany, NY 12207

**Hon. Brenda K. Sannes, United States District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.        INTRODUCTION**

Plaintiff Kevin T. Kavanaugh brings this action against Defendants under 42 U.S.C. § 1983 and New York State law alleging various claims arising out of his arrest on July 21, 2013.

(Dkt. No. 103). Defendant New York State Trooper Eric Johnson ("Trooper Johnson") moves under Fed. R. Civ. P. 12(b)(6) to dismiss portions of the Second Amended Complaint. (Dkt. No. 109). Defendants City of Albany and City of Albany Police Officer Anthony Scalise (the "Albany Defendants") also move for partial dismissal. (Dkt. No. 110). Plaintiff has opposed Defendants' motions. (Dkt. Nos. 137, 146).[1] For the reasons that follow, Defendants' motions are granted in part and denied in part.

## II.   FACTS[2]

On or about July 21, 2013, at or around the intersection of Clinton Avenue and Henry Johnson Boulevard in Albany, New York, Plaintiff was in the driver's seat of a car, surrounded by employees of the New York State Police, the City of Albany Police Department, the City of Watervliet Police Department, and the Village of Green Island Police Department. (Dkt. No. 103, ¶ 24). A Village of Green Island Police Officer "and/or" City of Watervliet Police Officer took hold of Plaintiff as he was exiting the car and caused him to slam to the pavement, landing on his stomach and face. (*Id.*, ¶ 25). While the left side of Plaintiff's face was pressed to the ground, the Village of Green Island Police Officers "and/or" the City of Watervliet Police Officer hit him with a blunt object, stood and stomped on the back of his calf and thigh muscles, and forced their knees in his back and neck. (*Id.*, ¶ 26). While Plaintiff's face was pressed to the

---

[1] Various defendants have also filed memoranda opposing dismissal of their cross-claims for indemnification and contribution with regard to Plaintiff's state law claims. (*See* Dkt. Nos. 136, 139, 140, 142). However, the moving Defendants did not seek to dismiss these cross-claims in their motions to dismiss. (Dkt. Nos. 109, 110). The Albany Defendants now argue in their reply brief that any cross-claims for indemnification against them should be dismissed. (Dkt. No. 144, pp. 9-10). The Court need not address the viability of these cross-claims since the moving Defendants did not properly seek to dismiss them, and moreover, the issue was first raised in reply papers. *See Knight v. Storex Sys., Inc.*, 739 F. Supp. 739, 743 (N.D.N.Y. 1990) ("The court will not address issues raised for the first time in the reply papers.").

[2] The facts are taken from the Second Amended Complaint and assumed to be true for the purposes of this decision. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

3

ground, Trooper Johnson walked over to Plaintiff and kicked him repeatedly in his head, and his arms were pulled in different directions by the other police officers. (*Id.*, ¶¶ 27-28).

While Plaintiff was being grabbed, thrown, hit, kicked, and injured by the police officers, the City of Albany Police Officer failed to act and prevent the police officers from causing harm and injury to Plaintiff. (*Id.*, ¶ 29). Once handcuffs were placed on Plaintiff and his hands were behind his back, the Village of Green Island Police Officers "and/or" the City of Watervliet Police Officer picked him up by the handcuffs and threw Plaintiff against a patrol car and proceeded to slam his head repeatedly on the roof of the patrol car. (*Id.*, ¶¶ 30-31). While Plaintiff was being propped up against the patrol car, the Village of Green Island Police Officers "and/or" the City of Watervliet Police Officer grabbed his foot and violently ripped his shoe off by repeatedly rolling and twisting Plaintiff's foot and ankle, and after the shoe was removed, the Village of Green Island Police Officers "and/or" the City of Watervliet Police Officer grabbed Plaintiff's other foot and violently ripped the shoe off by repeatedly rolling and twisting his foot and ankle. (*Id.*, ¶¶ 32-33).

While Plaintiff was being subjected to pain and suffering, the other police officers failed to act and prevent the Village of Green Island Police Officers "and/or" the City of Watervliet Police Officer from causing harm and injury to Plaintiff. (*Id.*, ¶ 35). After both shoes were removed, the Village of Green Island Police Officers "and/or" the City of Watervliet Police Officer threw Plaintiff headfirst into the back seat of a patrol car, and he was brought to Green Island Police Station for processing. (*Id.*, ¶¶ 36-37). Partly because Plaintiff made complaints about his injured right foot and ankle, he was transported to Samaritan Hospital in Troy, New York; the medical professionals there examined his right foot – which was pale, cold, and discolored – and were unable to find a pedal pulse. (*Id.*, ¶¶ 38-39). Plaintiff advised the medical

professionals that he had thirteen screws surgically implanted in his right foot in 2012; they determined that Plaintiff needed urgent vascular surgery and transferred him to Albany Medical Center for a vascular evaluation. (*Id.*, ¶¶ 40-41).

Plaintiff was discharged from Albany Medical Center on July 22, 2013, without undergoing vascular surgery, and he was transported to Albany County Correctional Facility, where he was placed under the care and custody of the County of Albany, Hon. Craig D. Apple, members of the Albany County Sheriff's Office and Albany County Correctional Facility, Correctional Medical Care, Inc., and employees of Correctional Medical Care, Inc. (*Id.*, ¶ 42). Plaintiff was placed in "C" building of Albany County Correctional Facility, not the medical tier. (*Id.*, ¶ 43). Plaintiff notified employees of the County of Albany and Correctional Medical Care, Inc., including Defendants Azaz Haider-Shah, Jacklyn Clark, and Jessica Ross, that his foot was in severe pain, that he could not walk on his right foot, that he needed medical attention, and that he needed to go to the hospital, but in response to his complaints and pleas, they ignored, neglected, "and/or" belittled Plaintiff, and failed to provide him necessary and adequate medical care and assistance. (*Id.*, ¶¶ 44-45).

On the morning of July 24, 2013, when Plaintiff was scheduled to appear in court, he was finally transported from Albany County Correctional Facility to Albany Medical Center. (*Id.*, ¶ 47). Prior to being transported to Albany Medical Center, Plaintiff had lost feeling in his right foot, and it was noticeably swollen and discolored. (*Id.*, ¶ 48). Due to the severity of the condition and lack of proper treatment, Plaintiff suffered an amputation below his right knee. (*Id.*, ¶ 49).

Plaintiff alleges that the City of Albany, among other municipal defendants, "failed to adequately train and/or supervise" its employees "to avoid the constitutional violations of

Plaintiff's rights and resultant damages described herein." (*Id.*, ¶ 52). Specifically, Plaintiff alleges that the City of Albany "failed to train their employees about the affirmative duty to intervene and prevent the use of excessive force by others." (*Id.*, ¶ 121). Finally, Plaintiff alleges that this failure amounted to deliberate indifference to his rights and caused his injuries. (*Id.*, ¶¶ 122-24).

## III. STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

## IV. DISCUSSION

Defendants' motions to dismiss pertain to the following claims in the Second Amended Complaint: 1) official capacity claims against Trooper Johnson and Officer Scalise; 2) assault under New York law against Trooper Johnson; 3) battery under New York law against Trooper Johnson; 4) intentional infliction of emotional distress under New York law against Trooper Johnson; 5) negligence under New York law against Trooper Johnson; 6) denial of substantive due process under the Fifth and Fourteenth Amendments against Trooper Johnson; 7) failure to

intervene against Officer Scalise; and 8) municipal liability against the City of Albany for Officer Scalise's alleged failure to intervene.[3]

### A. Official Capacity Claims

As an initial matter, Defendants argue that Plaintiff's claims against Trooper Johnson and Officer Scalise in their official capacities must be dismissed. (Dkt. No. 109-1, pp. 5-6; Dkt. No. 110-6, p. 12). Plaintiff brings various claims against these defendants in their individual and official capacities as employees of the State of New York and the City of Albany, respectively. (Dkt. No. 103). Plaintiff does not dispute Defendants' argument that his official capacity claims should be dismissed. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id*. (quoting *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 691 n. 55 (1978)). "It is not a suit against the official personally, for the real party in interest is the entity." *Id*.

Here, Plaintiff's official capacity claims against Trooper Johnson must be dismissed as barred by the Eleventh Amendment since the real party in interest is New York State. *See Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("Eleventh Amendment does not permit suit . . . for money damages against state officials in their official capacities."). Moreover, Plaintiff's official capacity claims against Officer Scalise must be dismissed as duplicative since the real party in interest is the City of Albany, against whom Plaintiff has also brought suit.[4] *See*

---

[3] The Second Amended Complaint does not indicate whether Plaintiff brings his failure to intervene claim under Section 1983 and/or New York state law.

[4] To the extent Plaintiff seeks punitive damages against Officer Scalise in his official capacity, such a claim must be dismissed since municipalities, and municipal employees sued in their official capacities, are not liable for punitive damages. *See Dzwonczyk v. Syracuse City Police Dept.*, 710 F. Supp. 2d 248, 271 (N.D.N.Y. 2008) (citing cases).

7

*Kennedy v. City of Albany*, No. 15 Civ. 491, 2015 WL 6394513, at *5, 2015 U.S. Dist. LEXIS 143568, at *12 (N.D.N.Y. Oct. 22, 2015) (dismissing official capacity claims and noting that "[a] claim against officers in their official capacity is essentially a claim against the city").

### B. Time-Barred Claims

Defendants argue that Plaintiff's claims under New York state law for assault, battery, intentional infliction of emotional distress, and failure to intervene are barred by the statute of limitations. (Dkt. No. 109-1, pp. 6-7; Dkt. No. 110-6, pp. 5-9). Plaintiff's claims against Defendants accrued on the date of Plaintiff's arrest and alleged injuries, July 21, 2013. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) ("accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action") (citation omitted). The one year statute of limitations for Plaintiff's intentional tort claims against Trooper Johnson expired on July 21, 2014, several months before Plaintiff commenced this action on October 10, 2014. *See* N.Y. C.P.L.R. 215(3) (McKinney 2016); *Havell v. Islam*, 739 N.Y.S.2d 371, 372 (N.Y. App. Div. 1st Dept. 2002) ("A claim for damages for an intentional tort, including a tort not specifically listed in CPLR 215(3), is subject to a one-year limitation period."). Accordingly, Plaintiff state law claims against Trooper Johnson for assault, battery, and intentional infliction of emotional distress must be dismissed as time-barred.

As to Plaintiff's failure to intervene claim against Officer Scalise under New York law, the statute of limitations is one year and ninety days. *See* N.Y. Gen. Mun. Law § 50-i(1) (State law tort claims against municipal corporations and their employees are subject to a one year and ninety day statute of limitations.). Plaintiff commenced this action before the limitations period expired on October 19, 2014. However, Plaintiff's original pleading did not identify Officer Scalise as a defendant, but referred to "City of Albany Police Officers JOHN DOE 2 and 3,

whose names are presently unknown." (Dkt. No. 1). In general, a plaintiff may proceed against a "John Doe" placeholder defendant, so long as he replaces the John Doe with a named party within the applicable statute of limitations period. *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468-69 (2d Cir. 1995). Here, Plaintiff did not replace the John Does with Officer Scalise until he filed the Second Amended Complaint on February 26, 2016, more than a year after the limitations period expired. (Dkt. No. 103). While "'John Doe' pleadings cannot be used to circumvent statutes of limitations," *Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993), a "plaintiff who finds that the limitations period on his claim has run may still seek to amend his complaint to add additional defendants, but he will be bound by the requirement that the proposed amendment 'relate back' to the date that the original complaint was filed." *Abreu v. City of New York*, 657 F. Supp. 2d 357, 363 (E.D.N.Y. 2009).

Under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, the following conditions must be met for a later amendment to a pleading to relate back to the date of the original pleading:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Barrow*, 66 F.3d at 468-69 (citing Fed. R. Civ. P. 15(c)(1)(C)). However, the Second Circuit has held that Rule 15(c)(1)(C) "does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities," since "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Id.* at 470.

9

Thus, Plaintiff cannot satisfy the requirements for relation back under Rule 15(c)(1)(C). *See also Scott v. Village of Spring Valley*, 577 F. App'x 81, 83 (2d Cir. 2014) ("[W]e have consistently held that 'the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.'") (quoting *Hogan*, 738 F.3d at 517-18, and distinguishing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554-55 (2010)).

Alternatively, an amended pleading identifying John Doe defendants may still relate back under Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure,[5] via § 1024 of the New York Civil Practice Law and Rules, which states:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024. Plaintiff argues that § 1024 applies in this case. (Dkt. No. 137-1, p. 7). Plaintiff must meet two requirements for relation back under § 1024: 1) he must "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name"; and 2) he must "describe the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." *Hogan*, 738 F.3d at 519 (internal quotations and citations omitted).

Here, Plaintiff cannot satisfy the first requirement because he has not pointed to any efforts he made to identify the City of Albany John Doe defendants *before* the statute of limitations expired on October 19, 2014. Plaintiff states that he did not know which City of Albany police officers were present for his arrest when he filed the original Complaint, and that he did not learn that Officer Scalise was present "until the deposition of Defendant Eric Johnson, which occurred on January 5, 2016." (Dkt. No. 137-1, p. 4). Plaintiff concedes that he did not

---

[5] Rule 15(c)(1)(A) states that an amended pleading may relate back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A).

10

seek to identify Officer Scalise with a freedom of information law request or by any other informal means, and he did not seek discovery from Defendant City of Albany as to the identity of witnesses until November 24, 2015. (*Id.*, pp. 5-6; *see also* Dkt. No. 137-5). To the extent Plaintiff claims that Defendant City of Albany withheld this information in its Rule 26(a) initial disclosures on October 22, 2015 (*see* Dkt. No. 137-4), even assuming that were true, it would not excuse Plaintiff's failure to exercise due diligence before the statute of limitations expired on October 19, 2014. In sum, there is no allegation or indication whatsoever that Plaintiff exercised due diligence to identify Officer Scalise before the statute of limitations expired. Accordingly, Plaintiff's failure to intervene claim may not relate back under Rule 15(c)(1)(A) and N.Y. C.P.L.R. § 1024, and therefore, it must be dismissed as time-barred.[6] *See Ceara v. Deacon*, 68 F. Supp. 3d 402, 409 (S.D.N.Y. 2014) ("Federal and New York courts have held that where there is no indication in the record that a plaintiff has exercised due diligence prior to the expiration of the statute of limitations, a plaintiff is not entitled to make use of the 'John Doe' procedure provided in CPLR § 1024.") (citing cases); *Bender v. City of New York*, No. 14 Civ. 4386, 2015 WL 524283, at *5, 2015 U.S. Dist. LEXIS 16002, *12 (S.D.N.Y. Feb. 10, 2015) ("Because of the complete lack of evidence as to Bender's due diligence, § 1024 will not permit the relation back of her requested amendment to the date of the filing of the original complaint."); *JCG v. Ercole*, No. 11 Civ. 6844, 2014 WL 1630815, at *14, 2014 U.S. Dist. LEXIS 57417, at *54 (S.D.N.Y. Apr. 24, 2014) (relation back did not apply where "Plaintiff appears to have expended no efforts at all to identify the Individual Defendants in the three years that followed [incident],

---

[6] In its September 23, 2015 Memorandum-Decision & Order, the Court declined to dismiss Plaintiff's state law claims against City of Watervliet Police Officer John Doe 1 as time-barred because the record did "not reflect what effort, if any, Plaintiff made to identify John Doe 1 before the statute of limitations expired," and therefore, the Court could not determine whether Plaintiff exercised due diligence for purposes of relation back under § 1024. (Dkt. No. 52, p. 24). In contrast, here Plaintiff has detailed his efforts to identify Officer Scalise, which reflect that he made no such effort before the statute of limitations expired.

waiting until the statute of limitations had nearly run to file his complaint. In that time, he could have served discovery demands upon the known parties, sought disclosures pursuant to a Freedom of Information Law ('FOIL') request, or written letters to the Attorney General's Office.") (internal quotation and citation omitted) (report and recommendation adopted, No. 11 Civ. 6844, 2014 WL 2769120, 2014 U.S. Dist. LEXIS 83800 (S.D.N.Y. June 18, 2014)).

**C. Duplicative Claims**

Trooper Johnson argues that Plaintiff's assault and battery claims under New York law are duplicative of his excessive force claim under § 1983. (Dkt. No. 109-1, p. 7). However, the Court need not address this argument, since Plaintiff's assault and battery claims must be dismissed as time-barred, as discussed above. Trooper Johnson also argues that Plaintiff's claim for denial of substantive due process under the Fourteenth Amendment is duplicative of his excessive force claim under § 1983. (*Id.*). Plaintiff does not respond to this argument. The Supreme Court has held that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)); *see also Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005).

Here, Plaintiff's allegations against Trooper Johnson focus on the use of excessive force, and therefore, are covered by the Fourth Amendment. Accordingly, Plaintiff's substantive due process claim against Trooper Johnson, which arises out of the same circumstances, must be dismissed as duplicative.[7] *See Graham v. Poole*, 476 F. Supp. 2d 257, 261 (W.D.N.Y. 2007)

---

[7] To the extent Plaintiff alleges a claim for denial of substantive due process under the Fifth Amendment, it is also subject to dismissal for the separate reason that Trooper Johnson is not alleged to be a federal actor. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of

(dismissing the plaintiff's claims under Fifth and Fourteenth Amendments where Eighth Amendment covered claims); *Raymond v. Bunch*, 136 F. Supp. 2d 71, 81 (N.D.N.Y. 2001) (dismissing substantive due process claim as duplicative of excessive force claim); *Snow v. Village of Chatham*, 84 F. Supp. 2d 322, 327 (N.D.N.Y. 2000) (dismissing Fourteenth Amendment due process claim "since the Fourth Amendment, and not some generalized concept of substantive due process, provides the constitutional foundation for false arrest claims").

Trooper Johnson further contends that Plaintiff's negligence claim under New York law is not cognizable "[i]n the context of a claim that an officer used excessive force in violation of the Fourth Amendment." (Dkt. No. 109-1, p. 7). In response, Plaintiff argues that the Second Amended Complaint "alleges in the alternative that Defendant Johnson's conduct was negligent." (Dkt. No. 146-1, p. 5). While Plaintiff's negligence and excessive force claims may be inconsistent, "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Thus, at this stage of the case, Plaintiff may proceed with his negligence claim while also alleging excessive force. *See also Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 399 (S.D.N.Y. 2013) (denying motion to dismiss, finding that the "Complaint plausibly alleges that these Defendants committed state-law assaults and batteries or negligence in the alternative"); *Negron v. City of New York*, 976 F. Supp. 2d 360, 373 (E.D.N.Y. 2013) (finding that the plaintiff could maintain both negligence and assault and battery claims).

**D. Municipal Liability Claim**

The Albany Defendants argue that Plaintiff's § 1983 municipal liability claim against the City of Albany based on Officer Scalise's alleged failure to intervene must be dismissed. (Dkt. No. 110-6, pp. 9-12). In the Second Amended Complaint, Plaintiff alleges that Defendant City

---

property without 'due process of law.'"); *Kennedy v. City of Albany*, No. 15 Civ. 491, 2015 WL 6394513, at *5, 2015 U.S. Dist. LEXIS 143568, at *14 (N.D.N.Y. Oct. 22, 2015) ("Defendants are not alleged to be federal actors, and, accordingly, Plaintiff's claims for Fifth Amendment due process violations are dismissed.").

of Albany "failed to train [its] employees about the affirmative duty to intervene and prevent the use of excessive force by others." (Dkt. No. 103, ¶ 121). Plaintiff further alleges that this failure amounted to deliberate indifference to his rights and caused his injuries. (*Id.*, ¶¶ 122-24). Defendants argue that "these conclusory, boilerplate allegations fail to state a plausible Monell claim." (Dkt. No. 110-6, p. 11).

A municipality may not be held liable under § 1983 on the basis of *respondeat superior*. *Monell*, 436 U.S. at 694-95. Rather, municipalities are responsible only for "their own illegal acts," *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986), and are not vicariously liable for civil rights violations perpetrated by their employees. *See Monell*, 436 U.S. at 691. In order to sustain a §1983 claim for municipal liability, a plaintiff must show that he suffered a constitutional violation, and that the violation resulted from an identified municipal policy or custom.[8] *Monell*, at 694-95. A municipal policy or custom may be established by any of the following: 1) a formal policy, officially promulgated by the municipality, *id.* at 690; 2) action taken by the official responsible for establishing policy with respect to a particular issue, *Pembaur*, 475 U.S. at 483-84; 3) unlawful practices by subordinate officials so permanent and widespread as to practically have the force of law, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127-30 (1985) (plurality opinion); or 4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

In taking the fourth route, Plaintiff must ultimately show that:

---

[8] Although Plaintiff's state law failure to intervene claim against Officer Scalise is time-barred, as discussed above, Plaintiff appears to have also pled a timely Section 1983 failure to intervene claim, which can support a municipal liability claim under Section 1983. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (Section 1983 claims filed in New York are subject to a three-year statute of limitations) (citing N.Y. C.P.L.R. § 214); *see also Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (municipal liability under *Monell* may only lie where there is an underlying constitutional violation).

> (1) that a policymaker of the municipality knows to a moral certainty that its employees will confront a given situation; (2) that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation; and (3) that the wrong choice by the employee will frequently cause the deprivation of a citizen's constitutional rights.

*Young v. County of Fulton*, 160 F.3d 899, 903–04 (2d Cir. 1998) (citing *Walker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir. 1992) (internal quotations and alterations omitted)). However, at the pleading stage, Plaintiff's allegations must only be sufficient to infer a failure to train that amounts to deliberate indifference. This Court previously dismissed without prejudice Plaintiff's failure to intervene claim against Defendant City of Albany, holding that "Plaintiff fails to state a plausible *Monell* claim because the Complaint does not allege any facts to infer that a failure to intervene was due to a municipal policy or custom." (Dkt. No. 52, p. 11). The original Complaint did not set forth any allegations whatsoever regarding a policy or custom by the City of Albany. (Dkt. No. 1). In contrast, the Second Amended Complaint alleges that Defendant City of Albany failed to train its employees to intervene and prevent the use of excessive force by others and that this failure led to Plaintiff's injuries. While these allegations are fairly bare bones, "it is hard to fathom how a plaintiff could provide more detail at the pleading stage regarding a *Monell* claim based on failure to train." *Kimbrough v. Town of Dewitt Police Dept.*, No. 08 Civ. 03, 2010 WL 3724017, at *6, 2010 U.S. Dist. LEXIS 96243, at *18 (N.D.N.Y. Sept. 15, 2010) (denying motion to dismiss *Monell* claim). Accordingly, Plaintiff's allegations are sufficient to infer a failure to train that amounts to deliberate indifference.[9] *See also Best v. Village of Ellenville*, No. 14 Civ. 968, 2014 WL 6387146, at *2, 2014 U.S. Dist.

---

[9] Defendant City of Albany's argument that Plaintiff is "[u]nable to point to a pattern of conduct or any additional direct or circumstantial proof validating these allegations," (Dkt. No. 110-6, p. 11), is one better suited for summary judgment. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011) (pointing out that to prevail on a municipal liability claim, a "pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train") (internal quotation and citation omitted).

LEXIS 160879, at *6 (N.D.N.Y. Nov. 14, 2014) ("The lone allegation in the amended complaint regarding the Village of Ellenville's failure to train is sufficient at this stage."); *Vasconcellos v. City of New York*, No. 12 Civ. 8445, 2014 WL 4961441, at *13, 2014 U.S. Dist. LEXIS 143429, at *28-29 (S.D.N.Y. Oct. 2, 2014) (denying motion to dismiss *Monell* claim based on alleged failure to train officers).

## V. CONCLUSION

For these reasons, it is

**ORDERED** that Defendant New York State Trooper Eric Johnson's motion to dismiss (Dkt. No. 109) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiff's official capacity claims against New York State Trooper Eric Johnson are **DISMISSED**; and it is further

**ORDERED** that Plaintiff's claims under New York state law for assault, battery, and intentional infliction of emotional distress, Counts Two, Three, and Four of the Second Amended Complaint, are **DISMISSED** as against New York State Trooper Eric Johnson; and it is further

**ORDERED** that Plaintiff's claim under § 1983 for denial of substantive due process under the Fifth and Fourteenth Amendments, Count Twelve of the Second Amended Complaint, is **DISMISSED** as against New York State Trooper Eric Johnson; and it is further

**ORDERED** that Defendant New York State Trooper Eric Johnson's motion to dismiss (Dkt. No. 109) is otherwise **DENIED**; and it is further

**ORDERED** that Defendants City of Albany's and City of Albany Police Officer Anthony Scalise's motion to dismiss (Dkt. No. 110) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiff's official capacity claims against City of Albany Police Officer Anthony Scalise are **DISMISSED**; and it is further

**ORDERED** that Plaintiff's claim for failure to intervene, Count Nine of the Second Amended Complaint, is **DISMISSED** as against City of Albany Police Officer Anthony Scalise only to the extent it is asserted under New York state law; and it is further

**ORDERED** that Defendants City of Albany's and City of Albany Police Officer Anthony Scalise's motion to dismiss (Dkt. No. 110) is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 30, 2016
Syracuse, New York

_Brenda K. Sannes_
Brenda K. Sannes
U.S. District Judge